IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARC MORALES,<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-3085 |
| NATIONWIDE INVESTIGATIONS &<br>SECURITY, INC. and ALLEN<br>HOLLIMON,<br>    Defendants. | §<br><br><br><br>§ | <br><br><br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Defendants Nationwide Investigations & Security, Inc., and Allen Holliman have implemented a business plan that depends upon misclassifying employees as independent contractors and not paying these employees the full amount of wages that are due under the Fair Labor Standards Act of 1938 (FLSA), 29 U.S.C. §201 *et seq.* ("FLSA"). This action is brought to recover unpaid overtime compensation, liquidated damages, costs, and attorney's fees owed to Plaintiff Marc Morales ("Plaintiff"), by Defendants Nationwide Investigations & Security, Inc. and Allen Hollimon.

### Facts Supporting Relief

### Allegations Related to Plaintiff's Claims

1. Plaintiff Marc Morales worked for Defendants as a security guard and supervisor from November of 2019 to May 21, 2020. Morales's duties included, but were not limited to, scheduling guards to different sites, gathering all time sheets and turning them in to payroll, completing office paperwork, checking on the Timestamp application to make sure all employees were clocking in and out, booking hotels for the guards, and sending guards money

through an application called Cash App, securing job sites and recruiting new guards.

2. During the time that Plaintiff worked for Defendants, Plaintiff regularly worked in excess of 40 hours per week and at times as many as 72 hours per week or more.

3. Plaintiff entered his time into an application called Timestamp.

4. Plaintiff was paid straight time for all hours over 40, and was not paid the legally required overtime premium.

5. Defendants paid Plaintiff on an hourly basis, $10.00 per hour.

6. Plaintiff asked Defendants about not being paid overtime.

7. Defendants said that because Plaintiff was a 1099 contract worker, he would not receive any overtime.

8. Defendants misclassified Plaintiff and failed to properly pay Plaintiff the overtime premium for all hours over 40.

9. Plaintiff was not an independent contractor, but was an employee.

10. Defendants exercised complete and total control over Plaintiff's schedule, job duties, assignments, performance, uniform, and the manner and method in which Plaintiff would carry out his duties.

11. Plaintiff had no investment in any facilities related to the work performed.

12. Plaintiff had no opportunity for profit and/or loss and could not, in any way, affect the nature and scope of the work or the business.

13. The position did not require specialized skills or any particular training or experience.

## Allegations Regarding FLSA Coverage

14. During each of the three years prior to this complaint being filed, Defendants

were an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail, electronic applications to keep track of time, electronic applications used to pay employees, and the Internet.

15.     During each of the three years prior to this complaint being filed, Defendants regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s).

16.     At all times pertinent to this Complaint, Plaintiff was individually engaged in commerce and his work was essential to Defendants' business.

17.     During each of the three years prior to this complaint being filed, Defendants conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

## Allegations Regarding Willfulness

18.     At all times relevant hereto, the Defendants knew of, approved of, and benefited from Plaintiff's regular and overtime work.

19.     Plaintiff was not an "exempt" employee.

20.     Defendants did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

21.     Defendants' actions were willful and in blatant disregard for Plaintiff's federally protected rights.

22.     As a non-exempt employee, Plaintiff was entitled to be paid his regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40)

hours in each workweek.  Defendants failed to pay the Plaintiff the required overtime premium in nearly every workweek that the Plaintiff was employed by Defendants, as the Plaintiff worked in excess of 40 hours in almost every week that he worked for the Defendants.  Plaintiff was paid on an hourly basis, but was not paid premium pay for hours worked over 40.

23. No exemption excuses the Defendants from paying Plaintiff for all time spent and work performed during the hours he worked, and the Defendants have not made a good faith effort to comply with the FLSA.  As such, the Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation with respect to Plaintiff.  Such practice was and is a clear violation of the FLSA.

## Parties

24. Plaintiff Marc Morales ("Morales"), a former employee of Defendants, was personally engaged in interstate commerce during his employment with the Defendants, and is represented by the undersigned.

25. Defendant Nationwide Investigations & Security, Inc. ("Nationwide") is a Texas corporation and an "employer" as defined by the FLSA.  With respect to Plaintiff, Nationwide is subject to the provisions of the FLSA.  Nationwide was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00.  Nationwide Investigations & Security, Inc. may be served through its registered agent, Allen Hollimon at 2425 West Loop South, Ste. 200, Houston, Texas 77027 or wherever he may be found.

26. Defendant Allen Hollimon ("Hollimon"), is an individual who was an "employer" as that term is defined by the FLSA.  With respect to Plaintiff, Hollimon is subject to the provisions of the FLSA.  Mr. Hollimon acted on behalf of Nationwide Investigations & Security,

Inc. in setting the terms of wages and hours throughout the company, and running it on a day to day basis. Mr. Hollimon worked as part of the enterprise engaged in interstate commerce as defined by 29 U.S.C. § § 203(r) and (s). Defendant Allen Hollimon may be served with process at 2425 West Loop South, Ste. 200, Houston, Texas 77027 or wherever he may be found.

### Jurisdiction and Venue

27.     This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendants and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

### CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Wages Owed

28.     Plaintiff incorporates by reference all factual allegations into this cause of action.

29.     Based on the foregoing, Defendants violated the FLSA by failing to properly compensate Plaintiff for work performed in the employ of the Defendants.

30.     Plaintiff has suffered damages as a direct result of Defendants' illegal actions.

31.     Defendants are liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for which Plaintiff now sues.

### Demand for Jury

32.     Plaintiff demands a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiff prays that the Defendants be cited to appear and answer and upon final judgment, that Plaintiff be awarded:

1.  Judgment against Defendants for an amount equal to Plaintiff's unpaid overtime wages at the applicable rate;
2.  An equal amount to the overtime wage damages as liquidated damages;
3.  To the extent that liquidated damages are not awarded, an award of prejudgment

   interest;

4. All costs and attorney's fees incurred prosecuting these claims; and

5. For such further relief as the Court deems just and equitable.

            Respectfully Submitted,

            **THE BUENKER LAW FIRM**

            */s/ Josef F. Buenker*
            Josef F. Buenker
            TBA No. 03316860
            jbuenker@buenkerlaw.com
            2060 North Loop West, Suite 215
            Houston, Texas 77018
            713-868-3388 Telephone
            713-683-9940 Facsimile

            **ATTORNEY-IN-CHARGE FOR**
            **PLAINTIFF MARC MORALES**

**OF COUNSEL:**
Thomas H. Padgett, Jr.
TBA No. 15405420
S.D.Tex. No.:  11554
tpadgett@buenkerlaw.com
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEYS FOR PLAINTIFF**
**MARC MORALES**