United States District Court
Southern District of Texas
**ENTERED**
February 12, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARC MORALES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:20-cv-3085 |
| | § | |
| NATIONWIDE INVESTIGATIONS & SECURITY, INC., ALLEN HOLLIMON, AND SONIA D. TIMS, | § § § § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION

Pending before the Court[1] is Plaintiff Marc Morales's, individually and on behalf of the approximate 100 opt-in plaintiffs ("Plaintiffs"), Motion to Enforce Settlement (ECF No. 83), Motion for Summary Judgment (ECF No. 90), and Request for Pre-Motion Conference (ECF No. 95).[2] Based on a review of the motions, arguments, and relevant law, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment (ECF No. 90). Further, the Court **DENIES AS MOOT** Plaintiffs' Motion to Enforce Settlement (ECF No. 83) and Request for Pre-Motion Conference (ECF No. 95).

---

[1] The parties consented to proceed before a Magistrate Judge for all proceedings under 28 U.S.C. § 636(c). (ECF No. 94).

[2] Also pending before the Court is Plaintiffs' Motion for Appointment of Receiver Pre-Judgment (ECF No. 91) and Motion for Appointment of Receiver (ECF No. 92), which the Court will address in a separate order.

I. **Background**

The parties in this matter reached a settlement agreement on November 15, 2023. (*See* ECF No. 82). Per the agreement, Defendants Nationwide Investigations & Security, Inc., Allen Hollimon, and Sonia D. Tims (collectively, "Defendants") agreed, in writing, "to settle this collective action with a six-month pay out beginning January 15, 2024." (ECF No. 90 at 2). The settlement agreement was reduced to writing, signed, dictated into the record, and a sealed copy was filed in the record. (*Id.*). While the Court administratively closed the case as a result of the settlement, it retained jurisdiction over the case to allow enforcement of the Settlement Agreement and Release of Claims between the parties, as needed. (ECF No. 82).

Plaintiffs allege Defendants made the first payment in January 2024 and a partial payment in March 2024 for the February installment. (ECF No. 83 at 1). Since then, Plaintiffs allege Defendants have neither completed the February installment nor fulfilled the remaining four installments. (*Id.*).

On March 25, 2024, Plaintiffs filed a Motion to Enforce Settlement. (ECF No. 83). On September 16, 2024, Plaintiffs filed a Motion to Reinstate the Case for Enforcement of a Breached Settlement. (ECF No. 84). On October 3, 2024, District Judge Andrew Hanen held a motion hearing, allowing the parties to present arguments regarding the reopening of this case. (ECF Entry dated Oct

3, 2024). On the same day, Judge Hanen granted the Motion to Reinstate and permitted Plaintiffs to file an amended complaint within two weeks of his order. (ECF No. 88).

On October 8, 2024, Plaintiffs filed their Second Amended Complaint to include a breach of contract claim along with their original claims. (*See* ECF No. 89). Since then, Plaintiffs have filed a Motion for Summary Judgment (ECF No. 90), Motion for Appointment of Receiver Pre-Judgment (ECF No. 91), Motion for Appointment of Receiver (ECF No. 92), and Request for Pre-Motion Conference (ECF No. 95). Defendants have not filed a response to any of Plaintiffs' pending motions.

On February 10, 2025, this Court held a status conference where the parties explained the background of the pending motions and provided a status update on the case. (See ECF No. 97). During the status conference, Defendants' counsel acknowledged that he had not filed responses to the various pending motions and did not request an extension of time to do so. Defendants' counsel also acknowledged that his clients had yet to complete their payments to Plaintiffs.

## II. Legal Standard

Motions for summary judgment are governed by Federal Rule of Civil Procedure ("Rule") 56. Rule 56(a) instructs the Court to "grant summary

judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See Nall v. BNSF Ry. Co.*, 917 F.3d 335, 340 (5th Cir. 2019). "Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Talasek v. Nat'l Oilwell Varco, L.P.*, 16 F.4th 164, 168 (5th Cir. 2021) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). A material fact is one that "might affect the outcome of the suit under the governing law." *Bazan ex rel. v. Hidalgo Cty.*, 246 F.3d 481, 489 (5th Cir. 2001) (emphasis omitted); *see Aguirre v. City of San Antonio*, 995 F.3d 395, 406 (5th Cir. 2021). "An issue is 'genuine' if it is real and substantial, as opposed to merely formal, pretended, or a sham." *Bazan*, 246 F.3d at 489 (emphasis omitted). The Court must view the evidence in a light most favorable to the nonmovant. *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 505 (5th Cir. 2014)

(quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 335 (5th Cir. 2017).

If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). The Court should not accept "[u]nsubstantiated assertions, improbable inferences, [or] unsupported speculation" as sufficient to carry the nonmovant's burden. *Brown v. City of Houston, Tex.*, 337 F.3d 539, 541 (5th Cir. 2003). However, where there is evidence of a genuine factual dispute, such disputes are resolved in favor of the nonmoving party "when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts." *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999); *McCarty v. Hillstone Rest. Grp., Inc.*, 864 F.3d 354, 358 (5th Cir. 2017). Further, a genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Baker v. Coburn*, 68 F.4th 240, 244 (5th Cir. 2023), *as revised* (May 19, 2023).

### III. Discussion

Plaintiffs argue Defendants have breached a signed and written settlement agreement and are seeking $266,666.67 as the final total amount due. (ECF No. 90 at 2, 4). Defendants failed to file a response. Because Defendants did not file a response to Plaintiffs' Motion for Summary Judgment, the "motion will be taken as a representation of no opposition." S.D. TEX. LOC. R. 7.4.

"For issues on which the movant bears the burden of proof at trial, that standard isn't automatically met simply because the nonmovant fails to file a response." *Hunter v. City of Houston*, No. 4:19-cv-02521, 2021 WL 1199441, at *1 (S.D. Tex. Mar. 30, 2021) (citing *Jackson v. Sheriff of Ellis Cnty., Tex.*, No. 3:00-cv-1965, 2001 WL 1149102, at *4 (N.D. Tex. Sept. 26, 2001); *John v. Louisiana*, 757 F.2d 698, 707–08 (5th Cir. 1985)). "Instead, the movant still has the initial burden to offer evidence demonstrating the absence of a genuine issue of material fact." *Id.* (citing *Nola Spice Designs LLC v. Haydel Enters. Inc.*, 783 F.3d 527, 536 (5th Cir. 2015)). "But the court may accept any submitted facts as undisputed because the motion is unopposed." *Id.* (citing *Eversley v. MBank Dall.*, 843 F.2d 172, 174 (5th Cir. 1988)).

The movant is tasked with the initial burden of informing the Court of the basis for the motion and pointing to relevant excerpts in evidence that

demonstrate the absence of genuine issues of material fact. *See Coastal Agric. Supply*, 759 F.3d at 505 (quoting *Celotex Corp.*, 477 U.S. at 323). The movant may also argue that the nonmovant failed to produce evidence in support of at least one element of a cause of action for which he bears the burden of proof. *See Austin*, 864 F.3d at 335. If the movant satisfies the initial burden, it shifts to the nonmovant who must produce evidence of a genuine factual dispute; he may not merely rest on the allegations in his pleading. *See Coastal Agric. Supply, Inc.*, 759 F.3d at 505 (quoting *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005)). As such, "summary judgment must be entered against a nonresponding party on such issues when he fails to file a substantive response." *Hunter*, 2021 WL 1199441, at *1 (citing *Vedol v. Jacobs Ent., Inc.*, 436 F. App'x 409, 410 (5th Cir. 2011); *Celotex Corp.*, 477 US at 324).

Here, Plaintiffs seek summary judgment on their breach of contract claim against Defendants, arguing (1) the settlement agreement is a valid contract; (2) no genuine issue of material fact exists as to whether the contract was breached; and (3) summary judgment should be granted as a matter of law. (ECF No. 90 at 4–6).

Because "[s]ettlement agreements are governed by the law of contracts" under Texas[3] law, the elements for a breach of a settlement agreement are the same as for a breach of contract. *Schriver v. Tex. Dep't of Transp.*, 293 S.W.3d 846, 851 (Tex. App.—Fort Worth 2009, no pet.). To prevail at the summary judgment stage, Plaintiffs must show: "(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages to the plaintiff resulting from the breach." *Bagby 3015, LLC v. Bagby House, LLC*, 674 S.W.3d 609, 621 (Tex. App.—Houston [1st Dist.] 2023, no pet.); *see also Synergy Advisory Services, LLC v. ClearPrism, LLC*, No. 3:22-cv-1699, 2023 WL 5725537, at *2 (N.D. Tex. Sept. 5, 2023). "A breach occurs when a party fails or refuses to do something he has promised to do." *Dorsett v. Cross*, 106 S.W.3d 213, 217 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). "Whether a party has breached a contract is a question of law." *Gardocki v. Jp Morgan Chase Bank*, No. 12-cv-2254, 2014 WL 12537076, at *4 (S.D. Tex. June 11, 2014).

---

[3] "It is a long-recognized principle that federal courts sitting in diversity cases 'apply state substantive law and federal procedural law.'" *Shady Grove Orthodpedic Associates, P.A. v. Allstate Ins. Co.*, 559 U.S. 393, 417 (2010) (quoting *Hanna v. Plumer*, 380 U.S. 460, 465 (1965)). "Under Texas law, the substantive law of the state chosen by the parties to govern their contractual rights and duties will be applied unless the chosen state has no substantial relationship to the parties or the transaction and there is no other reasonable basis for the parties' choice." *U.S. for Varco Pruden Bldgs. v. Reid & Gary Strickland Co.*, 161 F.3d 915, 919 (5th Cir. 1998) (citing *DeSantis v. Wackenhut Corp.*, 793 S.W.2d 670, 677 (Tex. 1990)). Here, the Settlement Agreement is governed by Texas law. (*See* ECF No. 90 at 4).

To meet their summary judgment burden, Plaintiffs provide (1) a copy of the minute entry order noting the parties reached a settlement agreement (ECF No. 90-1); (2) a copy of the minute entry order memorializing the settlement (ECF No. 90-2); (3) emails between counsel and the administrator for the class action regarding the late payments (ECF No. 90-3); and (4) a declaration of Plaintiffs' attorney authenticating the emails (ECF No. 90-4). The Court also takes judicial notice of the copy of the settlement agreement placed in the record under seal. (*See* ECF No. 81).

As to element one, under the terms of the Settlement Agreement, Defendants agreed to pay Plaintiffs the settlement amount in six monthly installments beginning January 15, 2024. (ECF No. 90 at 2); s*ee Giuliano v. Triangle Capital Properties, LLC*, No. 3:22-cv-425, 2023 WL 7414526, at *3 (S.D. Tex. Nov. 9, 2023) ("'A settlement agreement is a contract.'") (quoting *BP Expl. & Prod., Inc. v. Claimant ID 100094497*, 910 F.3d 797, 801 (5th Cir. 2018)). As to element two, Plaintiffs agreed to request dismissal of this case once all payments due under the agreement were made. (ECF No. 90 at 5); *see Synergy Advisory Services*, 2023 WL 5725537, at *3. As to element three, based on the emails between counsel and the administrator for the class action, Plaintiffs received the full payment for the first installment and a partial payment for the second installment. (*See* ECF No. 90-3). However, the

9

uncontroverted summary judgment evidence establishes Defendants stopped making payments. As to element four, to date, Defendants owe Plaintiffs $266,666.67. (*Id.*). As such, the Court finds that Plaintiffs' evidence is sufficient to establish Defendants breached the Settlement Agreement when it failed to timely fulfill its payment obligations, and that Plaintiffs are entitled to recover damages in the amount of $266,666.67 for Defendants' breach of the agreement. *See Synergy Advisory Services*, 2023 WL 5725537, at *3.

The burden now shifts to Defendants to identify evidence in the record raising a genuine issue of material fact that Plaintiffs are not entitled to recover on this claim for breach of the Settlement Agreement. However, as discussed, Defendants failed to file a response to Plaintiffs' Motion for Summary Judgment.

Plaintiffs fully performed the agreement by agreeing to release their claims against Defendants, which was contingent on Defendants timely making all payments due under the Settlement Agreement. (*See* ECF No. 90 at 5). Further, it is undisputed that Defendant failed to fulfill its payment obligations. *See Harris Cnty. Util. Dist. No. 16 v. Harris Cnty. Mun. Dist. No. 36*, No. 01-10-cv-42, 2011 WL 3359698, at *6 (Tex. App.—Houston [1st Dist.] Aug. 4, 2011, no pet.) ("When a party's obligation under the contract is conditioned upon the happening of a future event, the condition must be

performed or fulfilled exactly as set forth in the contract before the promise can be enforced."). Because Defendants have failed to sustain their burden to identify evidence in the record sufficient to create a genuine issue of material fact on any element of Plaintiffs' breach of contract claim, Plaintiffs are entitled to summary judgment as a matter of law on this claim. *See Synergy Advisory Services*, 2023 WL 5725537, at *3.

### IV.　Conclusion

Based on the foregoing, the Court **GRANTS** Plaintiffs' Motion for Summary Judgment (ECF No. 90) and finds Plaintiffs are entitled to judgment in their favor against Defendants for damages in the amount of $266,666.67. Further, the Court **DENIES AS MOOT** Plaintiffs' Motion to Enforce Settlement (ECF No. 83) and Request for Pre-Motion Conference (ECF No. 95).

It is **SO ORDERED**.

**SIGNED** in Houston, Texas on February 12, 2025.

Richard W. Bennett
United States Magistrate Judge